IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WINSTON FRANCISCO FERREIRA  :

　　　　　Petitioner,  :  3:26-cv-1424
　　　　　　　　　　　　　:  (JUDGE MARIANI)

　　v.  :

CRAIG LOWE, WARDEN, PIKE  :
COUNTY CORRECTIONAL FACILITY  :

　　　　　Respondent.  :

## MEMORANDUM OPINION

### I.　　BACKGROUND

On May 26, 2026, Petitioner Winston Francisco Ferreira ("Petitioner"), a citizen of the

Dominican Republic residing in the United States since 2022, filed a *pro se* petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner is detained within the

Middle District of Pennsylvania and names as Respondent Craig Lowe, Warden of the Pike

County Correctional Facility.

In November 2022, Petitioner entered the United States unlawfully, was encountered

by US Customs and Border Patrol, and processed for a Notice to Appear. The Notice to

Appear charged Petitioner as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) for being

present in the United States without being admitted or paroled. (Doc. 9 at 2).

On January 2, 2026, Petitioner was arrested for theft by unlawful taking by the

Hoboken Police Department. (*Id.*). Those charges remain pending. (*Id.*). On April 23,

2026, ICE arrested Petitioner in New Jersey. He has remained detained without bond since.[1]  (*Id.*).

Petitioner alleges he is being unlawfully detained by Respondent without a bond hearing and that his civil immigration detention has become unreasonably prolonged. The Respondent oppose the petition, claiming that Petitioner is mandatorily detained pending removal pursuant to 8 U.S.C. § 1226(c) and that "his detention of less than two months is not unreasonably prolonged, nor does it offend due process." (*Id.* at 1-2).

## II.    STANDARD OF REVIEW

Absent suspension, the Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner's immigration detention is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Claims brought by immigration detainees seeking relief from their confinement "fall within the core of the writ of habeas

---

[1]     On January 29, 2025, the Laken Riley Act was signed into law by President Trump. Pub. L. No. 119-1, 139 Stat. 3 (2025) (amending 8 U.S.C. § 1226(c)).  The Laken Riley Act mandates the detention, without bond, of a noncitizen who "*is charged with*, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, *theft*, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii) (emphasis added).

corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). It is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody. *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972) (citations omitted).

### III.    ANALYSIS

"8 U.S.C. § 1226(c) requires the Government to detain immigrants with certain criminal convictions pending removal without bond hearings."[2] *Michelin v. Warden Moshannon Valley Corr. Ctr.,*169 F.4th 418, 433 (3d Cir. 2026). In *Jennings*, the Supreme Court held that "§ 1226(c) does not on its face limit the length of the detention it authorizes." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). But as applied constitutional challenges to prolonged immigration detention, like those advanced here, are recognized by the United States Court of Appeals for the Third Circuit. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020).

To determine whether prolonged detention is unreasonable, a "highly-specific-fact inquiry," this Court must address "a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable." *German Santos*, 965 F.3d at 210-11. "The most important factor is the duration of detention." *Id.* at 211. The Court must also consider: (1) whether the detention is likely to continue; (2) reasons for the

---

[2]    In the Laken Riley Act, Congress expanded the scope of 8 U.S.C. § 1226(c) to include noncitizens like Petitioner who "is charged with . . . theft." 8 U.S.C. § 1226(c)(1)(E)(ii). In his traverse, Petitioner does not dispute Respondent's assertion that his theft by unlawful taking charge remains pending. (Doc. 10).

delay, such as a detainee's request for continuances; and (3) "whether the alien's conditions of confinement are meaningfully different from criminal punishment." *Id.* If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id.* (citations omitted). "And as the length of detention grows, so does the weight that we give this factor." *Id.*

## Duration of Detention

"There is no presumption of reasonableness or unreasonableness of any duration." *German Santos*, 965 F.3d at 211. The Third Circuit has declined to impose a *per se* rule that any detention longer than a specific duration is unreasonable. In *German Santos*, the Third Circuit found that "detention became unreasonable sometime between six months and one year" after it began. *Id.*

Here, Petitioner has been detained pursuant to Section 1226(c) for less than two months. As such, the Court finds Petitioner's duration of detention weighs against relief at this time.

## Likelihood of Detention

Petitioner has established he is likely to stay detained for some time. His immigration proceedings are ongoing, and no final order of removal exists. Under these circumstances, the Court finds the second *German Santos* factor favors granting habeas relief. *See Demir v. Lowe*, 2026 WL 950131, at *3 (M.D. Pa. Apr. 8, 2026).

4

**Reasons for the Delay**

The Court finds no party is responsible for any delay.  Accordingly, this factor is neutral.

**Conditions of Confinement**

The Court next finds that Petitioner's civil immigration detention at the Pike County Correctional Facility "is indistinguishable from criminal punishment." *German Santos*, 965 F.3d at 213 (holding that conditions at Pike County Correctional Facility were indistinguishable from criminal punishment).   If a noncitizen's "civil detention under § 1226(c) looks penal, that tilts the scales toward finding the detention unreasonable." *Id*. at 211.

Weighing the *German Santos* factors, the Court finds that Petitioner's civil immigration detention under 8 U.S.C. § 1226(c) has not become unreasonably prolonged. Although Petitioner established that his detention is likely to continue, and that the conditions of his confinement are indistinguishable from criminal punishment, he has been detained for less than two months.  On balance, the Court finds that Petitioner is not entitled to habeas relief at this time.

5

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's habeas petition will be denied.  A separate

Order follows.

Robert D. Mariani
United States District Judge